UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: _____

SUSAN DEPOLO

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.
_____/

## **C O M P L A I N T**

    COMES NOW the Plaintiff, SUSAN DEPOLO, by and through her undersigned attorney, and hereby sues the Defendant, CARNIVAL CORPORATION, and alleges as follows:

    1.    That this is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney's fees.

    2.    That this Court has initial admiralty jurisdiction pursuant to 28 U.S.C. §1333 and the General Maritime Laws of the United States. Furthermore, the Defendant has designated this Court as the jurisdiction and venue of choice in its ticket of passage.

    3.    That at all times material hereto, the Plaintiff, SUSAN DEPOLO, was a citizen of Lakeland, Florida.

    4.    That at all times material hereto, the Defendant, CARNIVAL CORPORATION, was a Panamanian corporation, hereafter referred to as CARNIVAL, had a principal place of business and was doing business in Miami-Dade County, Florida, and was the owner/operator of the cruise ship *BREEZE*.

5. That on or about September 12, 2015, the Plaintiff, SUSAN DEPOLO, was a passenger on the Defendant's vessel, *BREEZE*.

7. That at all times material, the Defendant, CARNIVAL, had the duty to use reasonable care under the circumstances for Plaintiff's safety and to maintain its premises in a reasonably safe condition.

8. That on or about September 12th, 2015, the Plaintiff, SUSAN DEPOLO, suffered serious injuries when she slipped and fell on Deck 10 (Lido Deck) on a wet and slippery floor.

9. That the Defendant breached its duty of care to the Plaintiff and was negligent in one or more of the following manner:

    (a) In allowing a dangerous condition to exist, to wit, a wet and unreasonably slippery surface which it either created and/ or about which it knew or in the exercise of reasonable care should have known;

    (b) In utilizing a surface that became unreasonably slippery when wet despite prior knowledge of same;

    (c) In failing to remedy the slippery deck surface despite numerous prior accidents in the area;

    (d) In failing to warn the Plaintiff of a dangerous condition about which it had knowledge superior to that of the Plaintiff.

10. That as a direct and proximate result of the negligence of the Defendant as heretofore described, the Plaintiff, SUSAN DEPOLO, suffered bodily injury including, but not limited to, a distal fibula fracture to her left ankle and an aggravation of a prior injury to her right knee, resulting pain and suffering, scarring, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, lost wages, expense of hospitalization and medical and nursing

care and treatment.  The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

     WHEREFORE, Plaintiff demands judgment for damages against the Defendant for all compensatory damages allowable under the law, together with costs, for prejudgment interest, for trial by jury and any other relief deemed just and appropriate by this Honorable Court.

     Respectfully submitted,

WAKS & BARNETT, P.A.
Attorneys for Plaintiff(s)
9900 SW 107th Ave., #101
Miami, FL 33176
Tel: (305) 271-8282
Fax: (305) 595-9776


By: */s/ JOEL M. BARNETT*
    JOEL M. BARNETT
    FBN: 248428